IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHANN TESTER                                                                PLAINTIFF

VS.                                                     CAUSE NO. 3:13CV41 HTW-LRA

RANKIN COUNTY, MISSISSIPPI, DEAN
SCOTT, BRYAN BAILEY, and CHIEF SLADE                      DEFENDANTS

JURY TRIAL DEMANDED

### COMPLAINT

COMES NOW Shann Tester, Plaintiff, in the above styled cause, by and through his attorney, and files this his Complaint against Defendants Rankin County, Dean Scott, Bryan Bailey, and Chief Slade, and in support thereof would show unto the Court the following matters and facts:

### I. PARTIES

1. Plaintiff is an adult resident citizen of Brandon, Rankin County, Mississippi.

2. Defendant Rankin County is a Political Subdivision of Mississippi, and is charged with the duty to supervise, manage and control its Sheriff Department to prevent the violation of the civil rights of its citizens.

3. Defendant Dean Scott, in his individual capacity, is a Deputy for the Rankin County Sheriff's Department in Rankin County, Mississippi and may be served with process at the Rankin County Sheriff's Department at 221 North Timber Street, Brandon, Mississippi 39042.

4. Defendant "Chief" Slade, in his individual capacity, is a Deputy for the Rankin County Sheriff's Department in Rankin County, Mississippi and may be served with

process at the Rankin County, Sheriff's Department at 221 North Timber Street, Brandon, Mississippi 39042.

5. Defendant Bryan Bailey, in his individual capacity, is the Rankin County Sheriff in Rankin County Mississippi and may be served with process at the Rankin County Sheriff's Department at 221 North Timber Street, Brandon, Mississippi 39042.

## II. JURISDICTION

6. This Complaint seeks, *inter alia*, damages pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988 for violation of Plaintiff's civil rights and for related claims.

7. Jurisdiction is founded on 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.A. § 1367.

## III. VENUE

8. The acts or omissions giving rise to the Plaintiff's claims arose in Rankin County, Mississippi. Thus, pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in the Southern District of Mississippi.

9. The Defendant is legally responsible for the incident, unlawful conduct, injuries and damages alleged by personally participating in the unlawful conduct, or acting or conspiring with others to act, by authorizing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred

by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

10. In doing the acts and/or omissions alleged, Defendant acted under color of authority and/or color of state law at all relevant times.

11. Defendant is vicariously liable for injuries proximately caused by the acts and/or omissions of its public employees.

12. The violation of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant Rankin County and other supervisory officials of Rankin County's Sheriff Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in the Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to, the causes of action included hereafter, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

### III. FACTUAL ALLEGATIONS

13. On June 29, 2011, Plaintiff visited the Subway in Brandon. Upon entering the business, Plaintiff noticed Glenda Rolley working and promptly left the premises.

14. On this date, Chief Slade, a Rankin County Sheriff department Deputy, was in the Subway and questioned Ms. Rolley about Plaintiff's actions. He was informed that Mr. Tester had previously attempted to receive a police discount at the Subway.

15. Chief Slade recorded a partial tag and description of Plaintiff's vehicle as it left the premises, and forwarded this information to Officer Dean Scott.

16. Officer Dean Scott, a Rankin County Sheriff Deputy, received the Plaintiff's vehicle information, name, and address. Officer Scott proceeded to drive by Plaintiff's residence multiple times looking for the Plaintiff's vehicle.

17. Neither Officer Dean Scott or Chief Slade witnessed Mr. Tester impersonate a police officer or commit any crime.

18. Once Plaintiff returned home, Officer Dean Scott stopped at Plaintiff's residence, entered the premises without permission, and arrested Plaintiff for impersonating an officer.

19. Officer Dean Scott further searched Plaintiff's car without permission, removing several items from inside of it.

20. Defendant was unlawfully denied bail at the request of the Rankin County Sheriff's Department.

21. On August 22, 2011, Plaintiff was convicted in Justice Court of impersonating a police officer. When the conviction was appealed to County Court, the charges were dropped.

IV. FILING OF CLAIMS UNDER MISS. CODE ANN. §11-46-11 AND TOLLING OF STATUTE OF LIMITATIONS

22. On or about June 27, 2012 Plaintiff, by and through counsel, caused to be filed and delivered by personal service and Certified U.S. Mail to Rankin County a notice of claim letter regarding the act(s) and/or omission(s) set forth herein. Miss. Code Ann. §11-46-11 (2006). A copy of this letter is incorporated herein by reference and attached as Exhibit "A." To date, Defendants have not responded in writing. Plaintiff

4

submits that this notice of claims letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing the instant suit.

## V. CLAIMS FOR RELIEF

### First Claim for Relief – Depravation of Civil Rights

23. The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though fully set forth here.

24. At all times material hereto, Defendants were vested with authority and the non-delegable duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Mr. Tester were violated. Specifically, Defendants engaged in a course of conduct that resulted in the violation of Mr. Tester's:

   a) right to equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi;

   b) right to notice of accusations pursuant specifically to the Sixth and Fourteenth Amendment to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

   c) right against unreasonable seizure pursuant specifically to the Fourth and Fourteenth Amendments to the Constitution of the United States of America and

        Article 3, § 23 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

    d) right to procedural and substantive due process of the law specifically pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 14 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

    e) right to compulsory process pursuant specifically to the Sixth Amendment to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

    f) right to be free from cruel and unusual punishment pursuant specifically to the Eighth and Fourteenth Amendment to the Constitution of the United States of America and Article 3, § 28 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law; and

    g) right to reasonable bail as set forth specifically in the Eight Amendment to the Constitution of the United States of America and Article 3, § 29 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law.

25. The violations complained of in this Complaint for depravation of identifiable civil rights of Mr. Tester, include, but are not limited to false arrest, false imprisonment, malicious prosecution and other acts and/or omissions by the Defendants, both named and unnamed, to inflict pain, humiliation, and/or injury upon Mr. Tester, with deliberate indifference to the immediate, grave, and serious violations of Mr. Tester's rights, all of which caused or contributed to the extremely prolonged and unjustified deprivation of Mr. Tester's rights to liberty and freedom, pursuant to 42 U.S.C. §

1983. Additionally, the Defendants, both named and unnamed, failed to adequately train staff or hire properly trained staff, or receive proper training as to the proper arrest, imprisonment and prosecution of individuals in the custody of the government, all of which caused or contributed to the extremely prolonged and unjustified deprivation of Mr. Tester's sacred right to liberty.

26. The Defendants bear a duty to exercise reasonable care in the hiring, training and supervision of their employees. This duty includes a responsibility to train officers in the proper procedures of arrest, searches, and imprisonment; a responsibility to train prosecutors in the proper prosecution of individuals; and a responsibility to train judges in the proper conviction of individuals. The Defendants breached each of the duties for failing to provide proper training to their agents, by failing to have appropriate procedures and protocols in places to ensure the adequate protection of civil rights, and by failing to supervise their staff. The Defendants also failed to update policies and failed to provide peer review or adequate supervision of their staff. These breaches directly and proximately resulted in the harms and damages alleged herein.

27. At all times material hereto, the Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to governmental custom, usage or practice of these Defendants and their agents, representatives, and employees.

28. As a direct and proximate consequence of the Defendants' aforementioned conduct, wherein such Defendants deprived Mr. Tester of certain rights guaranteed by the

Constitution of the United States of America and the Constitution of the State of Mississippi, Mr. Tester experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, the Defendant is liable for the deprivation of Mr. Tester's constitutional rights as outlined herein.

### Second Claim for Relief – False Arrest, False Imprisonment, and Unreasonable Search and Seizer

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23, as though fully set forth here.

30. In committing the acts complained of herein, Defendants acted under color of state law to falsely arrest and detain Mr. Tester, without reasonable or justifiable basis in fact or law to do so. In violating Mr. Tester's right to be free from false arrest, the Defendant violated Mr. Tester's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

31. More specifically, this action is brought for the unlawful arrest of Mr. Tester without probable cause to believe the Mr. Tester had committed or was committing a crime, or as a pretext for other unlawful police conduct.

32. Additionally, Defendants acted under color of state law to deprive Mr. Tester of his rights as set forth in the Fourth Amendment to the Constitution of the United States of America to be free from unreasonable searches and seizures, which amounted to an unlawful depravation of Mr. Tester's civil rights.

33. The above described actions of Defendants subjected Mr. Tester to a deprivation of rights and privileges entitled by the Constitution and laws of the United States of America, including the due process clause of the Fourteenth Amendment and the

Fourth Amendment to the Constitution of the United States of America, within the meaning of 42 U.S.C. § 1983.

34. As a direct and proximate result of the violation of his constitutional right to be free from false arrest and unreasonable searches and seizers by the Defendants, Mr. Tester suffered serious personal injuries and special damages as alleges in the Complaint and is entitled to relief under 42 U.S.C. § 1983.

35. As a result of having been unlawfully and falsely held against his wishes, Mr. Tester was subjected to ridicule and embarrassment and sustained damage to his reputation.

36. As a direct and proximate result of the above-mentioned acts of the Defendants, Mr. Tester sustained severe injuries, causing him great pain, suffering and mental anguish.

37. As a direct and proximate result of the actions and/or inactions of Defendants, Mr. Tester was intentionally detained, and such detention was unlawful. As a result of said unlawful detention, Defendants are liable for the damages Mr. Tester suffered as a consequence of his unlawful detention. Mr. Tester should be compensated for this False Imprisonment in accordance with the Mississippi Tort Claim Act (MTCA).

### Fifth Claim for Relief – Malicious Prosecution

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35, as though fully set forth here.

39. The prosecution of Mr. Tester for impersonating a police officer was malicious and brought without any cause to believe that had committed such a crime.

40. The purpose of this action was brought vindictively and for an ulterior motive; for the purpose of attempting to legally harass and to defame Mr. Tester.

41. The bringing and continuing of this action constituted malicious prosecution on the part of the Defendants against Mr. Tester, and the conduct of each of them, being willful, wanton and malicious, warrants punitive damages.

42. That as a result of the malicious prosecution Mr. Tester was obliged to defend himself, was arrested and held in prison, lost time from the ordinary pursuits in his life and home, and that the quality of his life was diminished by it, all to his great damage, as will be shown at trial.

### Sixth Claim for Relief – Trespass

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41, as though fully set forth here.

44. On or about June 29, 2011, Officer Dean Scott of the Rankin County Sherriff Department entered Mr. Tester's premises without permission.

45. The actions and/or inactions of Defendants, by and through their employee, servant, and/or agent when viewed objectively constitute trespass as defined under Mississippi law. Because the Officer involved is an employee, servant, and/or agent of the Defendant, the principle defendant is vicariously liable for the actions of the Officer's trespass at issue. As a result, Mr. Tester is entitled to the recovery of compensatory damages against the Defendants.

### Seventh Claim for Relief – Gross Negligence

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44, as though fully set forth here.

47. The actions and/or inactions of Defendants, by and through their employee, servant, and/or agent when viewed objectively involved an extreme degree of risk,

considering the probability and magnitude of potential harm to Mr. Tester. Defendant had actual, subjective awareness of the risk, but nevertheless proceeded with reckless disregard and conscious indifference to the rights, safety or welfare of Mr. Tester herein in the following particulars, including, but not limited to:

a) making an unlawful detention; and

b) lacking probable cause or a reasonable suspicion to make such a detention.

48. The actions and/or inactions in question constitute a reckless disregard for the rights and safety of Mr. Tester and others. As such, the actions and/or inactions of Defendant, by and through its employee, servant, and/or agent and other officers of the Rankin County Sheriff's Department constitute reckless disregard as the term is defined under Mississippi law. Because the Officers involved are employees, servants, and/or agents of the Defendant, the principle defendant is vicariously liable for the actions of the Officers' gross negligence at issue. As a result, Mr. Tester is entitled to the recovery of compensatory damages against the Defendant.

**Eighth Claim for Relief – Intentional Infliction of Emotional Distress**

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47, as though fully set forth here.

50. The actions and/or inactions of Defendants during the illegal detention and in the denial of Mr. Tester's civil rights were reckless, intentional, and so outrageous to such an extreme degree that it exceeded the bounds of decency and, this is not tolerated by a civilized community. Mr. Tester suffered reasonably foreseeable damages as a result of Defendants' conduct and should be compensated for this tort in accordance with the MTCA.

**Ninth Claim for Relief – Vicarious Liability – Respondeat Superior**

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49, as though fully set forth here.

52. Upon information and belief, officers of the Rankin County Sheriff Department and Prosecutors and Judges of the Rankin County Justice Court involved in this matter were employees, servants, and/or agents of the Defendant. Thus, the Defendant is vicariously liable for the actions of its employees, servants, and/or agents under the doctrine of respondeat superior.

## VI. DAMAGES

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52, as though fully set forth here.

54. As a direct and proximate result of the Defendants' actions and inactions, Mr. Tester has suffered and will continue to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

55. Mr. Tester has suffered out-of-pocket expenses which include attorney's fees, costs of court and other expenses. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced, and trebled damages. Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving damages and also to avoid

unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law.

56. The amount of damages suffered by Plaintiff is significant and continuing in nature. Plaintiff reserves the right to amend and state further with respect to their damages.

## VII. PUNITIVE DAMAGES

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52, as though fully set forth here.

58. The incident at issue here is the Defendants charged and convicted Plaintiff with impersonating a police officer. Defendants never witnessed Plaintiff commit any crime(s) at any time which lead to the incident described herein. Defendants' actions were egregious and reckless, and it is Plaintiff's contention that punitive damages are all that can serve to deter Defendants egregious conduct.

59. The actions and/or inactions of the Defendants, evidenced malice and a reckless disregard for the safety and wellbeing of the Plaintiff and other human beings, Plaintiffs specifically request a punitive damages instruction as to Defendants, pursuant to Miss. Code Ann. § 11-1-65. Punitive damages instructions may be given when the trial court so determines that the Defendants' conduct is so willful, wanton, or egregious that it evidences a reckless disregard for the rights and safety of others.

## VIII. RIGHT TO AMEND PURSUANT TO FED. R. CIP. P. 15

60. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to name additional defendants should later facts establish that others are liable herein.

## IX. JURY TRIAL DEMANDED

61.     Plaintiff demands a jury trial

WHEREFORE, PREMESIS CONSIDERED, Plaintiff requests a judgment against any and all Defendants for the reasons set forth herein. Further, Plaintiff requests general damages as well as punitive damages (to the extent allowed under Mississippi and Federal law) against all of the Defendants named herein. Further, Plaintiff also prays for any and all other relief this Court deems necessary and appropriate in the interest of justice.

WHEREFORE, PREMESIS CONSIDERED, Plaintiff prays that the Defendant be cited and appear and answer and that upon final hearing, Plaintiff has judgment of and from the Defendant for:

(1) past physical pain and mental suffering;

(2) future physical pain and mental suffering;

(3) past and future mental anguish;

(4) past and future loss of enjoyment and quality of life;

(5) actual, incidental and consequential damages;

(6) punitive and exemplary damages in an amount above the minimum jurisdictional limits of the court;

(7) pre-judgment interest at the maximum legal rate for all damages suffered;

(8) post-judgment interest at the maximum legal rate for all damages suffered;

(9) reasonable attorneys' fees and costs of courts; and

(10) for such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Dated this the 15th of January, 2013.

Respectfully submitted,

Shann Tester

By: _____
Thomas C. Rollins, Jr.
Attorney for Plaintiff

Of Counsel:
Thomas C. Rollins, Jr. (MS Bar No. 103469)
The Rollins Law Firm, PLLC
774 Avery Blvd N, Ste D
Ridgeland, MS 39157
601.500.5533